# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS

---

ELIAS M. SEDA,

Plaintiff,

-against-

APPLE INC.,

Defendant.

---

# Verified Complaint

Plaintiff: **Elias M. Seda**
Address: 224 S 3rd St, Apt 7, Brooklyn, NY 11211
Telephone: (347) 200-2556

Defendant: **Apple Inc.**
Address: One Apple Park Way, Cupertino, CA 95014

Plaintiff, **Elias M. Seda** ("Plaintiff"), by and for his Verified Complaint against **Apple Inc.** ("Apple" or "Defendant"), alleges upon personal knowledge as to his own acts and upon information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction pursuant to the New York Constitution and the CPLR because the causes of action asserted arise under New York common and statutory law and the amount in controversy exceeds the jurisdictional minimum of this Court.
2. Venue is proper in Kings County pursuant to CPLR § 503 because Plaintiff resides in Kings County, and a substantial part of the events or omissions giving rise to these claims occurred there, including Plaintiff's use of Apple devices and services in Brooklyn, New York.
3. Personal jurisdiction over Apple exists because Apple transacts business in New York, contracts to supply goods and services in New York, and commits tortious acts causing injury in New York. Apple continuously markets, sells, and services iPhones and related software to New York consumers.

**PARTIES**

4. Plaintiff Elias M. Seda is a natural person residing at 224 S 3rd St, Apt 7, Brooklyn, New York 11211.
5. Defendant Apple Inc. is a California corporation with its principal place of business at One Apple Park Way, Cupertino, CA 95014, that designs, manufactures, and sells smartphones and operating system software used by New York residents, including Plaintiff.

**FACTUAL ALLEGATIONS**

6. Plaintiff purchased and used Apple iPhone devices and Apple's iOS operating system within the State of New York.

7. In or about the year **2025**, Plaintiff discovered that Apple **activates the device microphone during every phone call** and that Apple's system architecture and permissions model **allow applications to hear and/or access audio from that active microphone** during the call without Plaintiff's knowledge or express consent.

8. Plaintiff further discovered that, as a result of Apple's design and conduct, third-party and/or Apple-affiliated applications could access, receive, and process the content of Plaintiff's private conversations occurring during telephone calls, including sensitive, personal, and confidential information.

9. Plaintiff never gave informed, written, or express consent authorizing such access; nor did Apple provide adequate, prominent disclosures or effective controls that would have alerted a reasonable consumer that call audio could be accessed by applications during live calls.

10. Apple represented—expressly and by implication through marketing, device settings, and user-interface prompts—that Plaintiff's privacy and the confidentiality of his communications would be protected, that device microphones would not be accessed without consent, and that permissions would prevent unauthorized listening.

11. Apple knew or should have known that its microphone activation and permissions design would permit interception, recording, or access to live call audio by applications and that consumers like Plaintiff would view such access as a serious invasion of privacy.

12. Apple failed to design, test, monitor, and enforce safeguards to prevent unauthorized or undisclosed access to live call audio, and failed to warn consumers of the material privacy risks.

13. As a direct and proximate result of Apple's conduct, Plaintiff suffered harm including invasion of privacy, loss of autonomy and seclusion, emotional distress, anxiety, diminished device value, and time and effort to mitigate risks. Plaintiff seeks **$350,000** in damages, together with costs, interest, and appropriate equitable relief.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION – Intrusion Upon Seclusion (Common Law)

14. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein. 15. Apple intentionally intruded, and/or enabled third-party intrusion, into Plaintiff's private affairs by allowing access to live call audio without adequate consent or disclosure. 16. Such intrusion would be highly offensive to a reasonable person. 17. Plaintiff suffered damages including emotional distress and loss of privacy.

### SECOND CAUSE OF ACTION – Deceptive Acts and Practices (GBL § 349)

18. Apple engaged in consumer-oriented conduct in New York. 19. Apple's representations and omissions regarding microphone access, call privacy, and permissions were materially misleading. 20. Plaintiff suffered injury as a result, including privacy harms and economic loss. 21. Plaintiff seeks statutory and actual damages, treble damages where available, and attorneys' fees and costs as

permitted by law.

**THIRD CAUSE OF ACTION – False Advertising (GBL § 350)**

22. Apple made advertising statements and public representations concerning privacy and security that were false or misleading. 23. Plaintiff reasonably relied on those statements and was injured thereby.

**FOURTH CAUSE OF ACTION – Negligence**

24. Apple owed Plaintiff a duty to use reasonable care in designing, testing, and maintaining iPhone hardware, iOS software, permissions, and privacy controls. 25. Apple breached that duty by allowing applications to access live call audio without adequate safeguards or warnings. 26. Apple's negligence proximately caused Plaintiff's injuries and damages.

**FIFTH CAUSE OF ACTION – Negligent Design (Design Defect)**

27. Apple designed its devices and operating system in a defective manner that allowed undue, undisclosed access to live microphone audio during calls. 28. The risks of the design outweighed its utility, and safer alternative designs and safeguards were feasible. 29. The design defect was a substantial factor in causing Plaintiff's injuries.

**SIXTH CAUSE OF ACTION – Failure to Warn (Warning Defect)**

30. Apple failed to provide adequate warnings and instructions about applications' ability to access call audio and the privacy risks of live microphone activation. 31. The absence of adequate warnings rendered the products unreasonably dangerous and caused Plaintiff's injuries.

**SEVENTH CAUSE OF ACTION – Breach of Implied Warranty of Merchantability (U.C.C. § 2[redacted]314)**

32. Apple sold iPhones and software that were not fit for their ordinary purpose in light of undisclosed privacy risks and defective permissions. 33. The breach of implied warranty caused Plaintiff damages, including diminution in value and privacy harms.

**EIGHTH CAUSE OF ACTION – Breach of Implied Covenant of Good Faith and Fair Dealing**

34. Contracts governing the use of Apple devices and services include an implied covenant of good faith and fair dealing. 35. Apple frustrated Plaintiff's justified expectations regarding privacy and confidentiality, depriving him of the benefit of his bargain.

**NINTH CAUSE OF ACTION – Breach of Implied-in-Fact Contract/Privacy Commitments**

36. Through policies, settings, and representations, Apple formed an implied-in-fact contract and/or binding privacy commitments with Plaintiff to protect call privacy and not enable undisclosed listening. 37. Apple breached those commitments, causing Plaintiff damages.

**TENTH CAUSE OF ACTION – Negligent Misrepresentation**

38. Apple, possessing unique and specialized knowledge of its microphone and permissions architecture, supplied false information and omissions regarding privacy safeguards. 39. Plaintiff reasonably relied to his detriment, suffering damages.

**ELEVENTH CAUSE OF ACTION – Unjust Enrichment**

40. Apple was unjustly enriched by revenues obtained from devices and services sold under misleading privacy assurances. 41. Equity and good conscience require restitution and/or disgorgement.

**TWELFTH CAUSE OF ACTION – Trespass to Chattels**

42. Apple intentionally and without authorization interfered with Plaintiff's possessory interests in his device by activating and exposing the microphone to third-party access, impairing the device's condition and value. 43. Plaintiff suffered harm as a result.

**THIRTEENTH CAUSE OF ACTION – Intentional Infliction of Emotional Distress**

44. Apple's conduct, including enabling secret access to live call audio, was extreme and outrageous, beyond all bounds of decency, and carried out with reckless disregard of the near certainty of causing severe emotional distress. 45. Plaintiff experienced severe emotional distress as a result.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment against Defendant as follows:

A. Awarding compensatory damages in the amount of **$350,000**, or such other amount to be determined at trial;

B. Awarding statutory and treble damages where permitted by law, together with pre- and post-judgment interest;

C. Ordering restitution, disgorgement, and such equitable relief as the Court deems just and proper;

D. Awarding costs and such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: Brooklyn, New York
October 22, 2025

Respectfully submitted,

**Elias M. Seda**
224 S 3rd St, Apt 7
Brooklyn, NY 11211
Tel: (347) 200-2556

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF KINGS )

I, **Elias M. Seda**, being duly sworn, depose and say: I am the Plaintiff in the within action. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

Elias M. Seda

Sworn to before me this 29 day of October, 2025.

Notary Public
(Seal) JOSEPHINE BOURNE
Notary Public, State of New York
No. 04BO6325374
Qualified in Kings County
Commission Expires May 26, 2027